## Boden *versus* Irwin et al.

1. The court in charging the jury said: "The court would not set aside your verdict even if you compromise between them. * * * You may compromise the verdict." *Held*, to be error.

2. Per PAXSON J.—Juries are prone enough to disregard the evidence and set up their own standard of right between the parties, without a permission to do so from the court.

November 27th 1879.   Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON and TRUNKEY, JJ.     STERRETT and GREEN, JJ., absent.

Error to the Court of Common Pleas of *Crawford county*: Of October and November Term 1879, No. 97.

Replevin by Edward J. Boden against H. A. Irwin and others.

The plaintiff was a tenant of the defendants. A dispute arose between them whether the tenant was not in default one quarter's rent; namely, the quarter running from the 1st of October 1877, to January 1st 1878. The parties chose two friends to take papers, receipts, &c., and settle the matter. They met on the leased premises on December 21st 1877. The lease, receipts and parties were all before the referees. The referees found that $1.35 was due on the 1st of January 1878. This amount was then paid by plaintiff and receipted by defendant. This amount and the payment of this small sum settled the question between the parties. The rent was payable by the terms of the lease quarterly, at the expiration of the quarter. In January 1878, about the 26th, the defendant alleging that the referees had made a mistake, issued his landlord's warrant for the collection of the rent due on the quarter ending on January 1st 1878, $93.75, and distrained plaintiff's property, who thereupon brought his action of replevin.

At the trial, the jury found for the defendants in the sum of $62 rent in arrears. After judgment thereon, plaintiff took this writ and, inter alia, assigned for error the instructions of the court below, which will be found in the opinion of this court.

*D. M. Farrelley* and *Thomas Roddy*, for plaintiff in error.— No authority and no principle can be found excusing a court for so instructing a jury. A juror's oath is that he will well and truly try the issue joined between the parties and a true verdict given according to the evidence. This oath prescribes to a juror a plain duty, and when a judge, as in the present case, instructs a jury to compromise between the parties, he in effect is telling the juror to disregard his oath. It is not alleged that such was the meaning of the court; the instruction was very likely inadvertent, but it was wrong and injurious.

*J. N. McCloskey*, for defendant in error.   There was no mis-

[Boden *v.* Irwin.]

direction; no intimation as to the character of the verdict that should be rendered. Taken in connection with that portion of the charge that precedes these expressions and the confused, conflicting statements of testimony, it was equivalent to telling the jury to reconcile the evidence as favorably as possible; settle their differences by making concessions; dispose of the case most satisfactorily to yourselves, and the court will sustain your verdict. It was merely an inadvertent expression of opinion, not intended as a direction binding on the conscience of the jury.

Mr. Justice PAXSON delivered the opinion of the court, January 5th 1880.

This is a very small case. It belongs to that class in which it is always profitable for the parties to consider the injunction to "agree with thine adversary quickly." As, however, they prefer our ruling to the authority indicated, we will dispose of the case as though the principle involved were important, and the amount considerable.

We find no substantial error in the first, second and third assignments. The portions of the charge complained of, were not inaccurate as applied to the facts. But in a subsequent portion of it, the learned judge told the jury: "The court would not set aside your verdict even if you compromise between them. * * * You may compromise the verdict." This was error. Juries are prone enough to disregard the evidence, and set up their own standard of right between the parties without a permission to do so from the court. The instruction complained of, left the jury to do as they pleased without regard to the evidence. The verdict was for $62. The extent of the plaintiff's claim was $93.75. What the verdict would have been without the instruction referred to, we have no means of knowing. As, however, it may have influenced the jury, we must send the case back for another trial.

Judgment reversed, and a *venire facias de novo* awarded.