Thelma J. LAW, Administratrix of the
Estate of William C. Yaggi,
Deceased, Plaintiff,

v.

John CONVERSE, a minor, by his guardian, James Converse, Defendant.

Civ. No. 10224.

United States District Court
M. D. Pennsylvania.

March 31, 1969.

John P. Campana, Michael J. Casale, Williamsport, Pa., for plaintiff.

John C. Gault, Candor, Youngman, Gibson & Gault, Williamsport, Pa., for defendant.

SHERIDAN, Chief Judge.

In this diversity action the jury returned a verdict for defendant. Plaintiff has filed motions to dismiss or for a new trial.

On October 25, 1967, Thelma J. Law, Administratrix of the Estate of William C. Yaggi, brought an action under the Pennsylvania Wrongful Death Act, 12 P.S. § 1601, and Survival Act, 20 P.S. § 320.601, to recover damages for the death of William C. Yaggi on January 16, 1967, following an automobile accident. On July 22, 1968, the jury returned a verdict for defendant and judgment was entered thereon. On July 29, 1968, plaintiff filed a motion for a new trial, and on October 28, 1968, filed a motion to dismiss.

The motion to dismiss is based on the October 2, 1968, decision of the Court of Appeals for the Third Circuit in McSparran v. Weist, 402 F.2d 867. In her motion and in her brief, plaintiff states that Thelma Law, the Administratrix,

is a citizen and resident of Texas, that she was appointed Administratrix solely to "manufacture" citizenship diverse to that of defendant so that the action could be brought in federal court, and that "manufactured" citizenship was disapproved in McSparran as a means of conferring jurisdiction on a federal court. Plaintiff argues, therefore, that this court has no jurisdiction, that the statute of limitations has not run on the survival action,[1] and that under McSparran, supra, and Esposito v. Emery, 3 Cir. 1968, 402 F.2d 878, the court should dismiss pending cases for want of jurisdiction where the statute of limitations has not run and plaintiff has time to file an action in State court. It is clear that plaintiff is attempting to have "two bites of the apple." She seeks to void the judgment in this court by a dismissal for want of subject matter jurisdiction, thereby preventing a bar to the survival action in the State court.

In McSparran, the court held that artificially "manufactured" diversity will not create federal jurisdiction. It directed that its holding shall apply to all causes of action which arose after the date of the decision, and, with limitations, to those which arose before the decision, including cases pending:

> "We recognize that many actions are now pending in the courts of this circuit in reliance on our earlier decisions. In many of these actions the statute of limitations may already bar the institution of new suits in the state courts, although in some of them protective state court actions may have been filed. To apply the rule we have here announced to all pending and future actions indiscriminately would work great hardship on those who have relied on our prior recognition of artificial diversity jurisdiction. It is therefore appropriate to declare the new rule to be prospective.

"* * *

> "We hold, therefore, that the overruling of the doctrine of Corabi shall take effect as follows: It shall apply to all causes of action which arise after the date of the filing of this opinion. In cases involving causes of action which arose prior to such date, including cases now pending, a district court shall apply the new rule against artificially created diversity, either on motion of a party or sua sponte, if it is conceded by the parties or the court finds as a fact that diversity was artificially created, but only where the court finds that in the circumstances of the particular case there is ample time and opportunity for the plaintiff to institute a new action in the state court and that no unreasonable burden will be imposed on the plaintiff by the dismissal of the federal action."

In Esposito, a personal injury action decided on the same day, the court of appeals disapproved the "manufactured" citizenship of the guardian-plaintiff, but decided the case on the merits because the two-year statute of limitations had expired:

> "The accident in this case occurred on January 3, 1962, and Pennsylvania's two-year statute of limitations has long since expired. As we pointed out in McSparran it would be harsh to apply our new rule retrospectively to a case such as this, in which the plaintiff's rights would be lost because the statute of limitations bars the institution of a new suit in the state court."

▇ A fair reading of both McSparran and Esposito indicates that if the statute of limitations has run on *all or part* of a claim, a federal court should retain jurisdiction. Neither McSparran nor Esposito involved a situation in which a losing party, as here, sought a dismissal of the action. Thus, while the

---

1. Plaintiff filed a timely action in the State court under the survival act prior to the running of the statute of limitations.

The wrongful death action has been barred by the Pennsylvania one year statute of limitations. 12 P.S. §§ 1602, 1603.

decisions in those cases only note the disadvantage to the plaintiff if the actions were dismissed, it is clear that the overriding consideration in each was a disposition in the interest of justice. Since plaintiff has filed a survival action in the State court, defendant would be required to substantially retry a case which he has already tried and won. This would be burdensome, expensive and a duplication of effort on the part of the parties and the courts. Courts, both state and federal, now have more cases than they can handle. The motion to dismiss for want of jurisdiction will be denied.

▆ Plaintiff raises only one point in her motion for a new trial—that the court erred when it refused to permit plaintiff to argue to the jury that it could reach a compromise verdict. Counsel said to the jury: "The court will tell you that negligence on the part of the plaintiff no matter how slight will bar recovery. However, you as jurors have a right to compromise * * *."[2] At this point defendant objected, and after a side bar conference in which counsel admitted he intended to argue that the jury could compromise by giving plaintiff a verdict even though the decedent had been negligent, the court sustained the objection. It was an offensive argument because counsel was telling the jury it could disregard the instructions of the court on the substantive law. It also struck at the very foundations of the jury system. The court told the jury it was the sole judge of the facts, that it should find the facts only from the evidence, and then apply the law as given by the court to the facts.[3] In effect, it introduced the law of comparative negligence, which is not the law of Pennsylvania.[4] Karcesky v. Laria, 1955, 382 Pa. 227, 234, 114 A.2d 150.

In Boden v. Irwin, 1880, 92 Pa. 345, the court said:

"We find no substantial error in the first, second and third assignments. The portions of the charge complained of, were not inaccurate as applied to the facts. But in a subsequent portion of it, the learned judge told the jury: 'The court would not set aside your verdict even if you compromise between them. * * * You may compromise the verdict.' This was error. Juries are prone enough to disregard the evidence, and set up their own standard of right between the parties without a permission to do so from the court. The instruction complained of left the jury to do as they pleased without regard to the evidence. * * *"

It often appears that a jury verdict is a compromise, but the compromise is apparent *after* the verdict is rendered, when the court must decide whether the verdict is capricious, or against the law or the weight of the evidence.

The motion for a new trial will be denied.

2. The collision was between a truck operated by decedent and a car operated by defendant. The charge given was that negligence on the part of decedent, no matter how slight, would bar recovery by plaintiff.

3. Although you as jurors are the sole judges of the facts, you are duty bound to follow the law as stated in the instructions of the court and to apply the law so given to the facts as you find them from the evidence.

You are not to single out one instruction alone as stating the law, but must consider the instructions as a whole.

Neither are you to be concerned with the wisdom of any rule of law. Regardless of any opinion you may have as to what the law ought to be, it would be a violation of your sworn duty to base a verdict upon any view of the law than that given in the instructions of the court.

4. The law of Pennsylvania controls this action.